UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.J., a minor, by and through her parent and legal guardian, C.D.J., <br><br> Plaintiff, <br><br> v. <br><br> BURGATORY, <br><br> Defendant. | Case No. 2:22-cv-1744 <br><br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

NOW COMES Plaintiff C.J., a minor, by and through her parent and guardian, C.D.J., by and through their attorney, Kayla Drum, Esq. of MKO Employment Law, and files this Complaint alleging as follows:

## I. Nature of the Action

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Plaintiff was discriminated against and subjected to sexual harassment/hostile work environment due to her sex/gender.

2. Plaintiff also brings this action under the common laws of Pennsylvania for negligence and negligent supervision, hiring, and retention.

## II. Jurisdiction and Venue

3. This action arises under the statute cited in the preceding paragraph. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331.

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action

is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5.  Plaintiff C.J., by and through her legal parent and legal guardian, C.D.J., filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") under case 533-2022-00241 Plaintiff C.J. received her Notice of Right to Sue from the EEOC on November 3, 2022, thus making this Complaint timely filed.

### III. Parties

1.  Plaintiff C.J. ("Plaintiff") is a minor residing in Allegheny County and is represented by and through her parent and legal guardian, C.D.J. Plaintiff is a minor child under the age of eighteen (18).

2.  C.D.J. is an adult residing in Allegheny County and is the parent and legal guardian of Plaintiff.

3.  Defendant, Burgatory, has a business location of 229 West Bridge Street, Homestead, PA 15120 where Plaintiff C.J. worked.

### IV. Facts

4.  Plaintiff began her employment with Defendant as a line cook on April 18, 2021.

5.  Plaintiff was seventeen years old at her time of hire.

6.  In September 2021, Defendant hired Paul Helvy Jr. ("Helvy"), a thirty-six-year-old man, as a line cook.

7.  In September 2021, Helvy asked Plaintiff C.J. if she "liked older men."

8.  Helvy would walk by Plaintiff and touch her arm or deliberately bump into her to indicate his sexual interest in her.

9. On one occasion, Helvy made the comment, "ah me and [Plaintiff] alone in the kitchen. What a thought," in reference to a sexual fantasy about being alone with her in the kitchen.

10. Helvy asked Plaintiff if she drank, to which she said, "no."

11. On September 13, 2021, Helvy was in the kitchen talking about his sex life in front of Plaintiff and commented on his use of Viagra.

    a. Helvy said, "[Plaintiff] is taking tips," implying that she was getting sex tips from him or enjoying his comments.

    b. Plaintiff told Helvy she was not.

12. On September 15, 2021, it was slow in the kitchen and everyone was cleaning.

    a. Helvy said to Plaintiff, "if you have time to lean you have time to clean."

    b. Plaintiff ignored Helvy, so he said to another line cook, Javon, "Oh [Plaintiff] doesn't like me because I'm a player and I mistreat women."

13. Plaintiff was afraid to report the conduct as it was happening.

14. Plaintiff was a minor, still in high school, and was not sure how her complaints would be taken by management.

15. Plaintiff disclosed Helvy's comments and harassment to her mother, and she told them how uncomfortable Helvy made her at work.

16. C.D.J. contacted Defendant's kitchen manager, Ken Armata ("Armata"), to complain about what had been going on at work with Helvy.

    a. Armata told C.D.J. that Plaintiff needed to contact human resources, which she did.

    b. Alexis LNU told Plaintiff to fill out a grievance form, which she did.

17. Alexis said she would start an investigation and that Plaintiff could "continue working with Helvy and give him a chance to change his ways."

    a. Alexis further said that Plaintiff could "give it two weeks then follow up whether or not [she] see the situation to be redeemable."

    b. Defendant's solution, to a minor employee, was to continue working with the thirty-six-year-old man who had been sexually harassing her to "see if he changed his ways."

    c. Alexis said she was willing to give Helvy another chance, and Plaintiff should be too.

    d. Plaintiff did not agree, and Alexis told her that the only option was to offer him more training.

18. On September 24, 2021, when Plaintiff realized her only option was to continue working with her harasser, she was forced to resign from her position.

19. Plaintiff told Alexis that she did not feel comfortable at work and she couldn't understand how they could permit someone to work in the kitchen who makes women uncomfortable.

20. Plaintiff could have continued working if Defendant had taken action against Helvy.

### V. Causes of Action

**COUNT I**
**Sex/Gender Discrimination**
**42 U.S.C § 2000e-2(a)**
**Against Defendant**

21. All preceding paragraphs are incorporated by reference as if fully set forth herein.

22. Plaintiff is in a protected class as she is a minor female.

23. Defendant discriminated against Plaintiff in the following ways:

    a. Plaintiff was sexually harassed by Helvy, an adult man.

    b. In September 2021, Helvy asked Plaintiff if she "liked older men."

    c. Helvy would also walk by Plaintiff and touch her arm, or deliberately bump into her on the line to indicate he was sexually interested in her.

    d. On one occasion, Helvy made the comment, "ah, me and [Plaintiff] alone in the kitchen. What a thought" in reference to a sexual fantasy about being alone with her in the kitchen.

    e. Helvy asked Plaintiff if she drinks, to which she said no.

    f. On September 13, 2021, Helvy was in the kitchen talking about his sex life in front of Plaintiff and told her he takes Viagra.

        i. Helvy said, "[Plaintiff] is taking tips," implying that she was getting sex tips from Helvy or enjoying his comments.

        ii. Plaintiff told him she was not.

    g. On September 15, 2021, it was slow in the kitchen and everyone was cleaning.

        i. Helvy said to Plaintiff, "if you have time to lean you have time to clean."

        ii. Plaintiff ignored Helvy so he said to another line cook, Javon, "Oh, [Plaintiff] doesn't like me because I'm a player and I mistreat women."

24. To Plaintiff's knowledge and concern, Burgatory, specifically multiple supervisory/management personnel, were aware of Helvy's sexual proclivities, discrimination, and harassment towards minor girls.

      a. To Plaintiff's knowledge and concern, Helvy was harassing other minor girls.

      b. To Plaintiff's knowledge and concern, no investigation was performed.

      c. To Plaintiff's knowledge and concern, no steps were taken to stop the harassment, discrimination, or hostile work environment.

      d. Helvy remained in a position of power free to harass minor employees.

25. Burgatory's Corporate were aware of or should have been aware of Helvy's sexual proclivities, discrimination, and harassment towards minor girls.

26. As a result, Plaintiff was constructively discharged.

27. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages including:

      a. Non-economic damages for injuries such as emotional distress, harm to reputation, embarrassment, humiliation, inconvenience, indignity, outrage, disappointment, and other consequential injuries.

      b. Economic damages based on earning capacity, both past and future;

      c. Attorney fees and costs; and

      d. Other damages to be determined.

28. Based on the intentional, willful, wanton, outrageous, reckless and deliberately indifferent conduct of the Defendant, which directly and proximately caused Plaintiff's injuries, Plaintiff asserts a claim for punitive damages.

## COUNT II
### Sexual Harassment/Hostile Work Environment
### 42 U.S.C § 2000e-2(a)
### Against Defendant

29. All preceding paragraphs are incorporated by reference as if fully set forth herein.

30. Plaintiff is in a protected class as she in a minor female.

31. Defendant subjected Plaintiff to sexual harassment/hostile work environment in the following ways:

   a. In September 2021, Helvy asked Plaintiff if she "liked older men."

   b. Helvy would also walk by Plaintiff and touch her arm or deliberately bump into her on the line to indicate that he was sexually interested in her.

   c. On one occasion Helvy made the comment "ah, me and [Plaintiff] alone in the kitchen. What a thought" in reference to a sexual fantasy about being alone with her in the kitchen.

   d. Helvy asked Plaintiff if she drinks, to which she said no.

   e. On September 13, 2021 Helvy was in the kitchen talking about his sex life in front of Plaintiff and said he takes Viagra.

      i. Helvy said, "[Plaintiff] is taking tips" implying that she was getting sex tips from Helvy or enjoying his comments.

      ii. Plaintiff told him that she was not.

   f. On September 15, 2021 it was slow in the kitchen and everyone was cleaning.

      i. Helvy said to Plaintiff, "if you have time to lean you have time to clean."

      ii. Plaintiff C.J ignored Helvy and he said to another line cook, Javon, "Oh, [Plaintiff] doesn't like me because I'm a player and I mistreat women."

   g. Defendant allowed Helvy to remain employed after becoming aware he was harassing a minor employee.

      h. Defendant were aware of Helvy's sexual proclivities toward Plaintiff and refused to correct the situation.

      i. Defendant fostered an unsafe/hostile work environment.

32. Plaintiff was constructively discharged.

33. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages including:

      e. Non-economic damages for injuries such as emotional distress, harm to reputation, embarrassment, humiliation, inconvenience, indignity, outrage, disappointment, and other consequential injuries.

      f. Economic damages based on earning capacity, both past and future;

      g. Attorney fees and costs; and

      h. Other damages to be determined.

34. Based on the intentional, willful, wanton, outrageous, reckless and deliberately indifferent conduct of the Defendant, which directly and proximately caused Plaintiff's injuries, Plaintiff asserts a claim for punitive damages.

## COUNT III
### Negligence
### Against All Defendants

35. All preceding paragraphs are incorporated by reference as if fully set forth herein.

36. Defendant, as the Employer, owed a duty of care to Plaintiff, as the Employee, to protect Plaintiff and provide a safe working environment free of discrimination and harassment.

37. Defendant breached their duty of care in the following ways:

      a. Failing to provide Plaintiff a safe and harassment free workplace;

b. Failing to comply with all federal, state, and local laws regarding discrimination, hostile work environment, sexual harassment, and/or harassment in the workplace;

c. Failing to adequately train Plaintiff on how to identify, address, and report incidents of discrimination, hostile work environment, harassment, sexual harassment, sexual assault, battery, and/or a sexually hostile work environment;

d. Failing to adequately train management on how to identify, address, and report incidents of discrimination, hostile work environment, harassment, sexual harassment, sexual assault, battery, and/or a sexually hostile work environment;

e. Failing to adequately supervise Helvy, thereby ensuring that he had unrestricted access to minor victims;

f. Failing to properly address Plaintiff's complaints of discrimination, harassment and abuse;

g. Failing to publish and distribute policies and procedures on discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof; and

h. Failing to implement and enforce policies and procedures on discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof; and

i. Failing to take proper, appropriate and/or necessary measures to ensure its minor employees were safe; and

j. Other acts or omissions yet to be discovered.

38. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages including:

    i. Non-economic damages for injuries such as emotional distress, harm to reputation, embarrassment, humiliation, inconvenience, indignity, outrage, disappointment, and other consequential injuries.

    j. Economic damages based on earning capacity, both past and future;

    k. Attorney fees and costs; and

    l. Other damages to be determined.

39. Based on the intentional, willful, wanton, outrageous, reckless and deliberately indifferent conduct of the Defendant, which directly and proximately caused Plaintiff's injuries, Plaintiff asserts a claim for punitive damages.

## COUNT IV
### Negligent Supervision, Hiring, And Retention
### Against Defendant

40. All preceding paragraphs are incorporated by reference as if fully set forth herein.

41. Defendant failed to exercise ordinary care to prevent Plaintiff from being harmed.

    a. Defendant negligently supervised and retained Helvy.

        i. Defendant was aware of Helvy's harassment of a minor.

        ii. When they became aware of that harassment they forced the minor to continue working with Helvy.

        iii. Defendant took no action to maintain the safety of their minor female employees like Plaintiff.

        iv. Defendant negligently supervised Helvy by failing to implement and enforce proper rules and procedures.

    v.  Defendant failed to comply with all federal, state, and local laws regarding discrimination, hostile work environment, sexual harassment, and/or harassment in the workplace.

    vi.  Defendant failed to adequately train Plaintiff on how to identify, address, and report incidents of discrimination, hostile work environment, harassment, sexual harassment, sexual assault, battery, and/or a sexually hostile work environment.

    vii.  Defendant failed to train management on how to identify, address, and report incidents of discrimination, hostile work environment, harassment, sexual harassment, sexual assault, battery, and/or a sexually hostile work environment.

    viii.  Defendant failed to publish and distribute policies and procedures on discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof.

    ix.  Defendant failed to implement and enforce policies and procedures on discrimination, harassment, sexual harassment, hostile work environment, and the reporting thereof.

    x.  Defendant failed to take proper, appropriate and/or necessary measures to ensure its minor employees were safe.

42. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including:

    a. Non-economic damages for injuries such as emotional distress, harm to reputation, embarrassment, humiliation, inconvenience, indignity, outrage, disappointment, and other consequential injuries.

    b. Economic damages based on earning capacity, both past and future;

    c. Attorney fees and costs; and

    d. Other damages to be determined.

43. Based on the intentional, willful, wanton, outrageous, reckless and deliberately indifferent conduct of the Defendant, which directly and proximately caused Plaintiff's injuries, Plaintiff. asserts a claim for punitive damages.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

**Kayla Drum**
PA ID: 317764
**MKO Employment Law**
429 4th Avenue, Suite 300
Pittsburgh, PA 15219
Direct: (412) 301-2705
k@mkolaw.com

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully Submitted,

**Kayla Drum**
PA ID: 317764
**MKO Employment Law LLC**
429 Fourth Avenue, Suite 300
Pittsburgh, PA 15219
Direct: (412) 301-2705
k@mkolaw.com